UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

KALI B. JOHNSON, :
:
    Plaintiff(s), :
v. : Case No.
: Jury Trial Demanded
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION LLC, and

    Defendant(s).
_____/

## COMPLAINT

The Plaintiffs, Kali B. Johnson ("Plaintiff"), by and through his attorney, the Law Offices of Nicholas A. Reyna P.C., allege the following:

### Nature of Action

1. Plaintiff bring this action against the Defendants, seeking damages and equitable relief, to redress the co-Defendant Experian Information Solutions, Inc., Equifax Information Services, LLC, and/or Trans Union LLC's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA").

### Parties

2. Plaintiff Kali B. Johnson ("Plaintiff") is a citizen of Michigan residing in Grand Rapids, Michigan.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a an Ohio-based foreign profit corporation and credit information provider.

4. Defendant Equifax Information Services, LLC ("Equifax") is an Atlanta,

1

Georgia-based foreign profit corporation and credit information provider.

5. Defendant Trans Union, LLC ("Trans Union") is a Delaware-based foreign limited liability company and credit information provider.

## Jurisdiction and Venue

6. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1367 and 1331.

7. Venue is proper in this Court under 28 U.S.C. 1391 as all Defendants transact business in this jurisdiction.

## Factual Background

8. On July 11, 2017, the Plaintiff filed for Chapter 7 bankruptcy protection in the Western District of Michigan (case number 17-03310).

9. On November 13, 2017, prior to the discharge of the above-referenced case, the Plaintiff and creditor Kent County Credit Union executed and filed a reaffirmation agreement specific to a 2013 Kia Sorrento, memorialized at docket #16 of the above-referenced matter.  To confirm this particular debt survived the discharge pursuant to 11 U.S.C § 524 subpart C.

10. The Plaintiff's bankruptcy case was successfully discharged on November 22, 2017.

11. Following the discharge of his bankruptcy case and after receiving several denials of credit , the Plaintiff conducted a review of each of her three annual credit reports, discovering that (a) the Transunion report dated December 8, 2017 incorrectly reported a delinquency of 90 days in September 2017 for $1,295.00 and an amount past due in the same amount for November 2017 despite the superseding reaffirmation of the

2

underlying automotive loan debt; (b) the Equifax report dated December 9, 2017 incorrectly indicated an amount past due of $1,295.00 owing to the Kent County Employees Credit Union in error due to the fact the corresponding loan was in fact reaffirmed; and (c) the Experian report dated December 9, 2017 incorrectly listed the above as past due on the payment date is wrong continued inclusion on my credit report is in error due to the fact that this Vehicle Loan was reaffirmed during the Plaintiff's bankruptcy filing.

12. Given the clear and demonstrable reporting errors set forth above, the Plaintiff thereafter prepared and submitted the necessary disputes to each credit reporting agency requesting that each of the foregoing errors be corrected, such upon information and belief having been respectively received by each credit reporting agency on February 7, 2018 (Experian and Transunion) and February 8, 2018 (Equifax).

13. On or around February 7, 2018 Transunion, having presumably conferred with the relevant creditor upon receipt of the Plaintiff's dispute and requesting they provide appropriate verification of the inaccurate information in dispute, subsequently forwarded an updated credit report in response to the Plaintiff's dispute which falsely listed a current balance amount of "**$0**" on the reaffirmed debt through Kent County Employees Credit Union, suggesting to any reviewing creditor that the debt in fact had **not** been reaffirmed.

14. On or around February 13, 2018, Equifax having also presumably conferred with the relevant credit upon receipt of the Plaintiff's dispute and likewise (presumably) requesting they provide appropriate verification of the inaccurate information in dispute, also subsequently forwarded its' own updated credit report to the Plaintiff which reported the reaffirmed account at issue had in fact been **falsely** discharged as a part of the

Plaintiff's underlying bankruptcy.

15. Experian's response to the Plaintiff's dispute was to return a response suggesting the dispute could not be processed due to a lack of appropriate identification verification, an abject refusal on their part to investigate the Plaintiff's entirely reasonable dispute.

16. Each named Defendant has responded to the Plaintiff's disputes by continuously, falsely verifying the credit information at issue.

17. Each named Defendant has maintained the inaccurate information in the Plaintiff's consumer file as a result of the verification from the source(s) of the inaccurate information, and each has respectively failed to conduct a proper, reasonable reinvestigation of the inaccurate information.

18. As a result of the negative and inaccurate credit reporting, the Plaintiff's credit score continues to be adversely affected, and the Plaintiff's credit reputation was and continues to be wrongfully damaged.

19. "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

20. Consumer reporting agencies pursuant to Section 1681e(b) of the Fair Credit Reporting Act are required to "follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report." *Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir. 2004). Under this section, "liability flows only from a 'failure to follow (1) reasonable procedures (2) to assume maximum possible accuracy of the

information (3) concerning the individual about whom the information relates. *Id* at 844. The reasonableness standard is "what a reasonably prudent person would do under the circumstances." *Id* at 844.

21. The Sixth Circuit has established that the elements necessary to assert a claim under 1681e(b) involve a Plaintiff proving (1) the Defendant reported inaccurate information about the Plaintiff; (2) the Defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendant's conduct was the proximate cause of the Plaintiff's injury. *Nelski* at 844.

22. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Systems, Inc.,* 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp.*, 18 F.App'x 315, 318 (6th Circ. 2001).

23. An FCRA violation occurs when CRAs such as Equifax provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

24. The Plaintiff seeks equitable damages, including correction of the subject trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendants to properly modify the account information at issue, in whatever amount a jury finds Defendants liable, plus

attorney fees, litigation costs, and court costs.

**COUNT I- VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C § 1681 et seq. (TRANS UNION, EQUIFAX AND EXPERIAN)**

25. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

26. Each Defendant separately and respectively prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding the Plaintiff as defined under 15 U.S.C. §1681a.

27. The referenced report(s) contained information about the Plaintiff that was false, misleading, and inaccurate.

28. By failing and/or refusing to properly investigate the Plaintiff's multiple disputes, each Defendant willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

29. In the alternative, each Defendant negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

30. After receiving the Plaintiff's consumer disputes, each Defendant willfully failed to conduct a *reasonable* investigation thereof as required by 15 U.S.C. § 1681i.

31. In the alternative, each Defendant negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i for the foregoing reasons.

32. In this instance, it is clear and obvious that each Defendant respectively (1) reported inaccurate information about the Plaintiff's reaffirmed debt through Kent County Employees Credit Union, (2) each Defendant either negligently or willfully failed to modify that account information and/or modified it following the Plaintiff's dispute in such a way as to only enhance the previous misreporting of the account, (3) the Plaintiff is now being injured by reporting on the subject account which misidentifies it as having no balance and being effectively discharged in his prior bankruptcy filing, and (4) but for each Defendant's conduct, that injury would not have occurred.  As a result, the Defendant was clearly in violation of § 1681e(b)

33. There is simply no doubt in this instance that the information currently being furnished by each Defendant creates a materially misleading impression that the Plaintiff owes no current balance on reaffirmed debt and otherwise seems to indicate that the debt had been discharged as a part of the Plaintiff's prior bankruptcy filing when demonstrably it has not.

34. As a direct and proximate cause of each Defendant's failure to perform its' required duties under the FCRA, the Plaintiff has suffered actual damages, including potential denial of credit, reduced opportunity for credit, increased costs, interest, and fees for credit, along with emotional distress, humiliation, and embarrassment.

35. False information was and continues to be furnished by the Defendant.

36. Upon reinvestigation, Equifax reported erroneous credit information and consciously avoided knowing that the credit information was inaccurate in violation of the FCRA, 15 U.S.C. §1681s2(b).

37. Equifax is liable to the Plaintiff by reason of its' violations of the FCRA in an

amount to be determined by a jury together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT II- DEFAMATION

38. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

39. Each Defendant caused to be published one or more written false statements which were intended to impeach the Plaintiff's honesty, integrity, credit worthiness, and/or reputation.

40. The Plaintiff is not a public figure.

41. The statements by each Defendant to the public represent a slur on the Plaintiff's character by each respective Defendant, including his honesty, integrity, virtue, or reputation, as well as her credit worthiness.

42. The defamatory statements resulted in damages to the Plaintiff.

## DEMAND FOR JUDGMENT AND RELIEF

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)   Statutory and actual damages in an amount to be determined by the Court.

(B)   Deletion or correction of any and all accounts being wrongfully reported by the Defendant.

(C)   Statutory costs and attorney fees under the FCRA.

(D)   Injunctive relief, including but not limited to correction of the account.

(E)   Compensatory and/or punitive damages.

(F) Any other relief which the Court deems appropriate.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF NICHOLAS A. REYNA

Date: March 5, 2018    /s/ Nicholas A. Reyna
Nicholas A. Reyna (P68328)
Attorney for Plaintiff
17344 W. 12 Mile Rd., Ste. 106
Southfield, MI 48076
(248) 423-1110
Nickreyna7@hotmail.com